IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| SEAN H.,[1]<br><br>    Plaintiff,<br><br>vs.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br><br>    Defendant. | No. 24-CV-1004-LTS-KEM<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Sean H. seeks judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance (DI) benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Plaintiff argues that the administrative law judge (ALJ), Michael Lee Larner, should have included a residual functional capacity (RFC) limitation allowing him to be off task or to take additional breaks during the workday. Plaintiff relies on the state agency psychological consultants' opinions that the ALJ found persuasive. I recommend **affirming** the ALJ's decision.

## I.    BACKGROUND

Plaintiff filed the current application for DI benefits on August 9, 2019, alleging disability based on various physical problems, as a well as "anxiety and depression (caused by chronic pain)." AR 72. Plaintiff originally alleged a disability onset date in May 2018, but later amended the onset date to December 2019. AR 54, 72.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

The Social Security Administration denied Plaintiff's request for benefits on initial review in June 2020 and on reconsideration in December 2020. AR 72-89. In connection with the initial review, state agency psychological consultant David Beeman, PhD, reviewed the evidence of record and completed a form indicating Plaintiff was moderately limited in (1) the "ability to maintain attention and concentration for extended periods," (2) the "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods," and (3) the "ability to interact appropriately with the general public." AR 78-79. Dr. Beeman found Plaintiff had no significant limitations in other areas of mental functioning, including the "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances." *Id.* Dr. Beeman explained in narrative:

> From a mental perspective, [Plaintiff] does not exhibit issues related to complexity, but he does have some limitations with concentration, social interaction, and sustainability, but they would not preclude competitive work from a purely mental perspective. . . . Within his physical limitations, he retains the ability to complete a wide range of vocational tasks that do not provoke his anxiety excessively.

AR 80. On reconsideration, state agency consultant Russell Lark, PhD, noted Plaintiff had not returned a form nor sought any additional mental-health treatment since initial review, other than reporting to the emergency room with chest pains consistent with a panic attack. AR 85. Dr. Lark opined that Dr. Beeman's initial opinion was "persuasive" and "supported by the overall evidence in file." *Id.*

Plaintiff requested further review, and an ALJ held a hearing in August 2021 and issued an opinion in September 2021. AR 93-107. The Appeals Council ultimately reversed that decision for using the wrong date last insured, failing to exhibit a function report, and providing insufficient analysis of a third-party function report. AR 115-16. The case was remanded, and a different ALJ held a new hearing by video on December 1, 2022, at which Plaintiff and a vocational expert (VE) testified. AR 48-50.

2

The ALJ issued a written opinion on December 20, 2022, following the five-step process outlined in the regulations[2] to determine whether Plaintiff was disabled during the relevant time period. AR 21-39. The ALJ found Plaintiff suffered from the severe mental impairments of ADHD,[3] anxiety, and depression. AR 24. To aid in steps four and five, the ALJ determined Plaintiff's RFC,[4] finding Plaintiff could work with the following mental limitations:

> [Plaintiff] is limited to simple routine tasks but not at a production-rate pace with the ability to occasionally interact with co-workers, supervisors, and the public.

AR 27. In making this determination, the ALJ found Dr. Beeman's and Dr. Lark's opinions "generally persuasive" and consistent with mostly normal mental status examinations and treatment records reflecting Plaintiff's mental health improved with medications. AR 36. The ALJ relied on VE testimony and found a significant number of jobs existed in the national economy Plaintiff could perform, including office helper, marker, and bagger. AR 37-38. Thus, the ALJ found Plaintiff not disabled from August 9, 2019, through September 30, 2021, the date last insured. AR 39.

The Appeals Council denied Plaintiff's request for review on November 13, 2023 (AR 8-12), making the ALJ's decision that Plaintiff was not disabled the final decision

---

[2] "During the five-step process, the ALJ considers (1) whether the claimant is gainfully employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets the criteria of any Social Security . . . listings, (4) whether the impairment prevents the claimant from performing past relevant work, and (5) whether the impairment necessarily prevents the claimant from doing any other work." *Grindley v. Kijakazi*, 9 F.4th 622, 628 (8th Cir. 2021) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)); *see also* **§ 404.1520(a)(4)**. The claimant bears the burden of persuasion to prove disability. *Goff*, 421 F.3d at 790.

[3] Attention-deficit/hyperactivity disorder.

[4] RFC means "the most that a claimant can do despite her limitations." *Sloan v. Saul*, 933 F.3d 946, 949 (8th Cir. 2019).

of the Commissioner.[5] Plaintiff filed a timely complaint in this court (Docs. 1, 6).[6] The parties briefed the issues (Docs. 11, 13, 14) and the Honorable Leonard T. Strand, District Judge for the Northern District of Iowa, referred this case to me for a report and recommendation.

## II. DISCUSSION

So long as substantial evidence in the record as a whole supports the ALJ's decision, a reviewing court must affirm.[7] "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision."[8] The court "do[es] not reweigh the evidence or review the factual record de novo."[9] If, after reviewing the evidence, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, [the court] must affirm the decision."[10]

Plaintiff argues that the ALJ erred by failing to adopt an RFC limitation found by the state agency consultants without explanation. The regulations require the ALJ to evaluate the persuasiveness of medical opinions and explain their supportability and consistency.[11] This court has held an ALJ errs when the ALJ "state[s] a medical opinion [i]s persuasive, well-supported, and consistent with the record, without adopting the

---

[5] *See* **20 C.F.R. § 404.981**.

[6] *See* **20 C.F.R. § 422.210(c)**.

[7] ***Grindley***, 9 F.4th at 627; *accord* **42 U.S.C. § 405(g)**.

[8] ***Kirby v. Astrue***, 500 F.3d 705, 707 (8th Cir. 2007).

[9] ***Naber v. Shalala***, 22 F.3d 186, 188 (8th Cir. 1994).

[10] ***Robinson v. Sullivan***, 956 F.2d 836, 838 (8th Cir. 1992).

[11] **20 C.F.R. § 404.1520c(a), (b)(2)**.

4

limitations contained in that opinion or otherwise addressing them."[12]

But here, I disagree with Plaintiff that the ALJ failed to adopt one of the state agency consultants' opined limitations. Plaintiff argues the ALJ failed to adopt a limitation correlating to Dr. Beeman's and Dr. Lark's opinion (reflected on the checkbox form) that Plaintiff suffered moderate limitations in the "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." AR 78. Plaintiff argues that the latter half of this limitation is captured by the ALJ's RFC limitation preventing him from working at a production-rate pace, but that the first half of this limitation (completing "a normal workday and workweek without interruptions from psychologically based symptoms") required the ALJ to include an RFC limitation reflecting Plaintiff would be off task some of the time or need additional breaks.

Dr. Beeman explained his findings (reflected on the checkbox form) in the narrative section, concluding that Plaintiff could "complete a wide range of vocational tasks that do not provoke his anxiety excessively." AR 80. He did not say that Plaintiff would be off task or need additional breaks. *Id*. The ALJ's RFC determination incorporates Dr. Beeman's low-anxiety opinion by limiting Plaintiff "to simple routine tasks" and no "production-rate pace." AR 27.[13]

---

[12] ***Dowden v. Saul***, No. 19-CV-2054-KEM, 2020 WL 6470180, at *7 (N.D. Iowa Nov. 3, 2020) (citing ***Gann v. Berryhill***, 864 F.3d 947 (8th Cir. 2017), a case involving the old regulations for weighing medical opinions that held the ALJ erred by assigning "significant weight" to opinions of state agency consultants but failing to adopt some of their opined limitations).

[13] *Cf. **Newell v. Colvin***, No. 4:13-0842-DGK-SSA, 2014 WL 3730501, at *4 (W.D. Mo. July 28, 2014) ("[R]estricting Plaintiff to goal oriented work with simple decisions, few changes in a work setting, and no production rate requirements[ ]amply incorporated" the limitation "to low stress work"). ALJs define "low stress work" in different ways, but it often includes no production rate pace and limits in decision-making, changes, or complicated instructions. *See, e.g.*, ***Layfield v. Kijakazi***, No. 2:20-CV-00034-SPM, 2022 WL 741855, at *3 (E.D. Mo. Mar. 11, 2022) ("simple, routine, repetitive tasks in a low stress job defined as requiring only

Plaintiff argues that Dr. Beeman's conclusion in the narrative section—limiting Plaintiff to "tasks that do not provoke his anxiety excessively"—does not reflect specific limitations. Therefore, Plaintiff argues that the narrative section does not "clarify" the checkbox form, and the limitations on the checkbox form trump the limitations in the narrative section.

Guidance from the Social Security Administration provides that the checkbox section "is merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the RFC assessment"; the narrative section is where "the actual mental RFC assessment is recorded, explaining the conclusions indicated in [the checkbox form], in terms of the extent to which these mental capacities or functions could or could not be performed in work settings."[14] The Eighth Circuit has rejected a claimant's argument that the ALJ failed to incorporate moderate limitations reflected on a checkbox form, when the ALJ's RFC determination was consistent with the explanation in the narrative section.[15] Other circuit courts have similarly noted, in reliance on the POMS guidance, that courts compare the ALJ's RFC assessment to the narrative section of the state agency consultant's opinions, not the "notations of moderate limitations."[16]

---

occasional decisionmaking and only occasional changes in the work setting and no production rate work"); *Gilbert v. Comm'r of Soc. Sec.*, No. 18-CV-2045-LTS-KEM, 2019 WL 6222289, at *2 (N.D. Iowa Sept. 4, 2019) (report and recommendation) ("[S]he may perform low stress work, defined as: simple, routine tasks, with simple work related decision and few if any changes in work setting, and no production rate pace work (i.e. no assembly line work)"); *see also* **Program Operations Manual System (POMS) § DI 24510.061(4)(b)** ("Stress is a highly individualized phenomenon and can only be assessed with regard to each individual's experiences and limitations. Even work activities usually considered to entail low stress may produce adverse responses in some individuals." (emphasis omitted)).

[14] **POMS § DI 24510.060(B)(2), (4)** (emphasis omitted).

[15] *See Lacroix v. Barnhart*, 465 F.3d 881, 888 (8th Cir. 2006).

[16] ***Fannin v. Comm'r, SSA***, 857 F. App'x 445, 447-48 (10th Cir. 2021); *see also* ***Land v. Comm'r of Soc. Sec.***, 494 F. App'x 47, 49-50 (11th Cir. 2012); ***Johansen v. Barnhart***, 314 F.3d 283, 289 (7th Cir. 2002).

In any event, here, the ALJ's RFC reflects the moderate limitations indicated by Dr. Beeman on the checkbox form. As the Eighth Circuit has recognized, "a 'moderate' ranking means that 'the individual is still able to function satisfactorily.'"[17] Plaintiff cites to no authority supporting his argument that the moderate limitation found by Dr. Beeman translates to an RFC limitation to being off task or needing additional breaks. Multiple courts have found RFCs without these limitations consistent with the moderate limitation found by Dr. Beeman ("ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods").[18] Indeed, Dr. Beeman indicated on another portion of the checkbox form that Plaintiff would not have issues with adhering to a schedule, which perhaps conflicts with Plaintiff's interpretation of the checkbox form as requiring additional breaks.[19]

Plaintiff primarily relies on the Seventh Circuit case *DeCamp v. Berryhill*.[20] In that case, checkbox forms reflected that the claimant suffered moderate limitations in "concentration, persistence, or pace;" and "in completing a normal workday and

---

[17] *Lacroix*, 465 F.3d at 888.

[18] *Hess v. O'Malley*, 92 F.4th 671, 678 (7th Cir. 2024) (holding that RFC accounted for moderate limitation at issue here by limiting claimant to "a work environment with no fast paced production quota or rate" and with any production requirements "more goal oriented, such as based on a daily or weekly or monthly quota"); *Fannin*, 857 F. App'x at 448 (holding that RFC limiting claimant to work with "detailed but not complex instructions" was "consistent with" moderate limitation at issue here); *cf. Wildman v. Astrue*, 596 F.3d 959, 963, 967-68 (8th Cir. 2010) (holding that even if "ALJ had given more weight to the state agency opinions," which included moderate limitation at issue here, the RFC—limiting claimant to "simple, routine, repetitive work not requiring constant close attention to detail or use of independent judgment," with "occasional supervision" and "a regular pace," and no "high stress work"—would not have been different and necessarily included "pace and attendance limitations").

[19] *See Wildman*, 596 F.3d at 968.

[20] 916 F.3d 671 (7th Cir. 2019) (per curiam).

workweek without interruptions from psychologically based symptoms and performing at a consistent pace."[21] The Seventh Circuit held the ALJ's RFC—which limited the claimant to unskilled work "with no fast-paced production line or tandem tasks, at a job that allows [the claimant] to be off task up to 10% of the workday"—did not adequately capture these limitations.[22] The Seventh Circuit relied on prior cases in which it held that "eliminating jobs with strict production quotas or a fast pace" cannot "serve as a proxy for including a moderate limitation on concentration, persistence, and pace;" and that "'confining the claimant to simple, routine tasks'" does not "'adequately capture[] temperamental deficiencies and limitations in concentration, persistence, and pace.'"[23] The Seventh Circuit in *DeCamp* also held that even though the narrative section of the opinions ultimately concluded the claimant could perform unskilled work—and the ALJ limited the claimant to unskilled work, plus other limitations—the ALJ "still must adequately account for limitations identified elsewhere in the record, including specific questions raised in check-box sections of standardized forms."[24] Again, the Seventh Circuit cited cases dealing with the failure to capture a moderate limitation in concentration, persistence, or pace.[25]

Unlike the Seventh Circuit, the Eighth Circuit (whose rulings are binding on this court) has held "[m]oderate difficulties in the area[ of concentration, persistence, or pace] are consistent with [an RFC limitation to] being able to understand, remember, and carry out simple instructions while performing non-detailed tasks."[26] The Seventh Circuit's opinion in *DeCamp* may be limited to the specific context of moderate limitations in

---

[21] *Id.* at 673-76.

[22] *Id.* at 675-76.

[23] *Id.* at 676 (quoting *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014)).

[24] *Id.* at 673, 676.

[25] *See Varga v. Colvin*, 794 F.3d 809, 816 (7th Cir. 2015); *Yurt*, 758 F.3d at 854-55, 859.

[26] *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018).

concentration, persistence, or pace, which the Seventh Circuit handles differently than the Eighth Circuit. I do not find *DeCamp* supports a different outcome in this case.

I recommend finding that the ALJ's RFC limitation to "simple routine tasks but not at a production-rate pace" adequately captured the state agency consultants' opined limitations. Therefore, I recommend finding that the ALJ did not err in evaluating the state agency consultants' opinions.

### III. CONCLUSION

I recommend **affirming** the Commissioner's decision and entering judgment in favor of the Commissioner.

Objections to this Report and Recommendation must be filed within fourteen days of service in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.[27] Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[28]

**DATED** October 28, 2024.

*[signature: Kelly K.E. Mahoney]*
Kelly K.E. Mahoney
Chief Magistrate Judge
Northern District of Iowa

---

[27] **Fed. R. Civ. P. 72**.

[28] *See United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).